UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M<span>IRELA</span> U<span>SELMANN</span>, <span>D</span>/<span>B</span>/<span>A</span> S<span>APPHIRE</span>
T<span>RUCKING</span>, I<span>NC</span>., <span>ET AL</span>.,

    Plaintiffs,

v.

R<span>AZVAN</span> P<span>OP</span>, <span>ET AL</span>.,

    Defendants.

Case No. 19-cv-13652

U.S. D<span>ISTRICT</span> C<span>OURT</span> J<span>UDGE</span>
G<span>ERSHWIN</span> A. D<span>RAIN</span>

_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION [#20] AND DENYING DEFENDANTS' MOTION TO CERTIFY OCTOBER 15, 2020 OPINION AND ORDER FOR INTERLOCUTORY APPEAL AND FOR STAY OF PROCEEDINGS [#21]**

**I. I<span>NTRODUCTION</span>**

On December 11, 2019, Plaintiffs[1] commenced this action against Defendants Razvan Pop, Maria Pop, R.S.P. Express, Inc. ("RSP Express"), and NA Truck Repair, LLC ("NA Truck Repair") (collectively, "Defendants"). *See* ECF No. 1. Plaintiffs' allegations arise from freight delivery contract and truck operation disputes with Defendants, who are trucking company owners. Plaintiffs' Complaint

---

[1] Plaintiffs include Mirela Uselmann, doing business as Sapphire Trucking Inc. ("Uselmann"), Gabriel Biclea, doing business as MB Trucking, Inc. ("Biclea"), Ion Gutu, doing business as GPA Trucking, Inc. ("Gutu"), and Dumitru Marius Rendenciuc, doing business as DMR Express, Inc. ("Rendenciuc"), on behalf of themselves and all similarly situated persons (collectively, "Plaintiffs"). *See* ECF No. 1.

1

raises six counts, including two civil RICO violations, breach of contract, unjust enrichment, promissory estoppel, and conversion. *Id.*

Presently before the Court is Defendants' Motion for Reconsideration, filed on October 29, 2020. ECF No. 20. Defendants ask this Court to reverse its prior decision denying Defendants' dismissal motion. *Id.*; *see* ECF No. 18. On October 30, 2020, this Court entered a text-only order requiring additional briefing on Defendants' Motion for Reconsideration. Plaintiffs accordingly filed a Response on November 20, 2020. ECF No. 24. Defendants filed a Reply on November 30, 2020. ECF No. 26. Also before the Court is Defendants' Motion to Certify this Court's October 15, 2020 Opinion and Order for Interlocutory Appeal and for a Stay of Proceedings. ECF No. 21. This matter is fully briefed as well. *See* ECF Nos. 23, 27.

Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve Defendants' motions on the briefs. *See* E.D. Mich. L. R. 7.1(f)(2). For the reasons set forth below, the Court will DENY Defendants' Motion for Reconsideration [#20] and DENY Defendants' Motion to Certify for Interlocutory Appeal and for a Stay of Proceedings [#21].

## II. BACKGROUND

The claims in the Complaint stem from contracts ("the "Agreements") between Plaintiffs, who are independent truck owner-operators, and Defendant RSP Express for the transportation of freight for third-party shippers. *See* ECF No. 18, PageID.522; ECF No. 1, PageID.3. Defendants engage with the third parties and receive payment for each freight delivery by Plaintiffs. ECF No. 1, PageID.3. The Agreements between the parties specified that "the Plaintiffs receive [eighty percent] of the amount paid by the third party and the Defendants receive twenty percent of that amount." *Id.* This financial split, including the amount paid to the third parties and to Plaintiffs, was reflected in mailing notices. *Id.* Plaintiffs allege that Defendants misrepresented the amount the third parties paid to Defendants in these mailing notices and "actually received more from the third parties than they disclose to the Plaintiffs and wrongly kept that money for themselves." *Id.*

Plaintiffs additionally claim that Defendants established NA Truck Repair as a separate facility that works on vehicles for both RSP Express and third-party clients. *Id.* at PageID.4. Defendants purportedly tamper with emissions controls in order to increase fuel efficiency and cut operation costs on company-owned trucks. *Id.* In doing so, Defendants "interfere[] with Plaintiffs' ability to compete against trucks that have been unlawfully tampered with." *Id.*

On December 11, 2019, Plaintiffs filed their Complaint against Defendants, alleging two RICO counts in violation of 18 U.S.C. § 1964(c) and claims for breach of contract, unjust enrichment, promissory estoppel, and conversion in violation of Michigan state law. On October 15, 2020, this Court issued an Opinion and Order denying Defendants' Motion to Dismiss. *See* ECF No. 18. In its Order, the Court concluded that dismissal was not warranted because Plaintiffs (1) had met the constitutional minimum to establish standing; (2) properly pled claims within the statute of limitations under the RICO injury discovery rule and the state fraudulent concealment rule; and (3) pled claims that were not preempted by the Federal Aviation Administration Act of 1994. *Id.* Further, this Court found that Plaintiffs' Complaint contained sufficient factual matter to state claims upon which relief could be granted. The Court emphasized, for example, that Plaintiffs adequately identified RSP Express, NA Truck Repair, and the individual Defendants as separate enterprises as required under the RICO statute. *See id.*

Defendants now move the Court to reconsider its Order. ECF No. 20. In support of the instant Motion, Defendants assert that this Court committed five palpable defects requiring reconsideration and a different disposition of this case. *Id.* at PageID.583. First, Defendants argue that this Court erred in concluding that Plaintiffs have standing and are the real parties in interest for all six counts. *Id.* at PageID.589. Second, Defendants assert that the Court erroneously concluded that

Plaintiffs' RICO claims were not barred by the applicable statute of limitations. *Id.* at PageID.593. Third, this Court purportedly committed a palpable defect when it found that Plaintiffs alleged the existence of a distinct RICO enterprise. *Id.* at PageID.595. Fourth, Defendants argue that the Court erred in finding Plaintiffs adequately pled its state law claims for unjust enrichment, promissory estoppel, and conversion in the alternative. *Id.* at PageID.598. Finally, Defendants allege that this Court failed to consider all of Defendants' arguments supporting dismissal of Plaintiffs' conversion claim. *Id.* at PageID.599.

Plaintiffs opposed Defendants' Motion for Reconsideration on November 20, 2020, arguing that Defendants fail to identify any palpable defects in this Court's analysis and maintaining that Defendants are simply raising the same arguments for dismissal already decided upon by the Court. Plaintiffs contest each of Defendants' aforementioned arguments in the Response.

Additionally, Defendants ask this Court to amend its October 15, 2020 Order to include a certification under 28 U.S.C. § 1292(b) to allow for an immediate interlocutory appeal. ECF No. 21. Defendants assert that there are substantial grounds for differences of opinion as to Plaintiffs' standing as real parties in interest in this litigation. *Id.* The Motion posits that Plaintiffs, who are sole or majority shareholders of Michigan corporations, have not sustained their burden to establish

standing. *Id.* Defendants ask this Court to stay proceedings in this matter until Defendants complete the appellate process in the Sixth Circuit. *Id.*

### III. MOTION FOR RECONSIDERATION

**A. Standard of Review**

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

## B. Discussion

In their present reconsideration motion, Defendants raise five arguments for why the Court's Opinion and Order should be reconsidered and corrected after denying Defendants' Motion to Dismiss. The Court will address each argument below.

### 1. The Court Did Not Err in Finding that Plaintiffs Have Standing and are the Real Parties in Interest for all Six Counts in the Complaint

Defendants first contend that this Court committed a palpable defect when it found that Plaintiffs met the requirements to establish standing sufficient to withstand dismissal. ECF No. 20, PageID.589. The Court previously found that Plaintiffs presented sufficient facts to suggest that they are the real parties in interest in this case, and thus could maintain both their federal and state law claims. ECF No. 18, PageID.528. The factual record indicates that three out of the four Agreements contained the names of both the corporate entity and the Plaintiffs' individual names, revealing "how closely linked the individuals and companies were." *Id.* Given the close affiliation of the entities, the Court concluded that Plaintiffs had standing under Article III and could seek to enforce their rights under the Agreements. *Id.*

While Defendants may disagree with the Court's conclusion, there is no evidence of clear or obvious defects in the Court's analysis. The parties discuss this issue at length in the briefing for Defendants' Motion to Certify, and the Court

maintains that Plaintiffs demonstrated that they as individuals showed violations of duties owned directly to them. While Defendants suggest that this Court failed to correctly apply Michigan state law, which generally requires suits of this nature to be brought in the name of the corporation, precedent supports the finding that Plaintiffs could proceed as individuals because their injuries were so linked to the injuries of their corporate entities. *Michigan Nat. Bank v. Mudgett*, 178 Mich. App. 677, 679–80, 444 N.W.2d 534, 536 (1989) ("The general rule is inapplicable where the individual shows a violation of a duty owed directly to him . . . [t]his exception is limited to cases where the wrong done amounts to a breach of duty owed to the individual personally.").

The issue before the Court, therefore, does not appear to be one of standing but of application of the law to the specific facts of this case. Further factual development is necessary to uncover the extent of the alleged conduct and injuries deriving from the Agreements, but Plaintiffs have stated plausible claims for relief at this juncture. The Court does not diverge from its interpretation of *Warren* in its Order, and finds that subsequent case law supports the conclusion that Plaintiffs pled an injury-in-fact traceable to Defendants' purported misconduct. *Warren v. Manufacturers Nat. Bank of Detroit*, 759 F.2d 542, 544 (6th Cir. 1985); *see T. Lemkau & Assoc., Ltd. v. Sowa Tool & Mach. Co.*, No. 11-10039, 2011 WL

1256826, at *5 (E.D. Mich. Apr. 4, 2011). Defendants have failed to persuade the Court that a palpable defect occurred in reaching this conclusion. *See id.* at *5-6.

### 2. The Court Did Not Err in Concluding that Plaintiffs' RICO Claims Are Not Barred by the Applicable Statute of Limitations

Defendants next argue that the Court erroneously found that Plaintiff's RICO claims, Counts I and II, were not barred by the four-year statute of limitations. ECF No. 20, PageID.593. Defendants contend that this Court failed to properly analyze Plaintiffs' RICO claims under *Rotella* and the injury occurrence rule. *Rotella v. Wood*, 528 U.S. 549, 555 (2000). In their Response, Plaintiffs emphasize that *Rotella* also provided for an injury discovery rule, and that Plaintiffs' RICO claims satisfy the requirements of that rule. ECF No. 24, PageID.855.

Upon review of *Rotella* and related caselaw, the Court finds no palpable defect in its analysis of *Rotella* or its application to the facts of this case. 528 U.S. at 555. The Court maintains that there is an outstanding dispute as to when Plaintiffs knew, or even suspected, that Defendants were purportedly misrepresenting the amount the third-party shippers were paying to Defendants in contravention of the agreed-upon eighty-twenty split. *See* ECF No. 18, PageID.530. Without this knowledge, Plaintiffs may properly maintain their claims under *Rotella*. *Cf. id.* ("Rotella does not deny that he *knew* of his injury in 1986 when it occurred, or that his civil RICO claim was complete and subject to suit at that time.").

Unlike *Rotella*, this case does not involve a disagreement about whether the discovery of a pattern—as opposed to an injury—is sufficient to maintain RICO claims; instead, Plaintiffs allege that Defendants fraudulently concealed Plaintiffs' owed compensation and Plaintiffs only became aware of the injury in early 2018. *See* ECF No. 18, PageID.530. Further, there has not been any factual development sufficient to support Defendants' contention that Plaintiffs were not reasonably diligent in discovering this injury under the fraudulent concealment doctrine. *See Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 195 (1997). Accordingly, Defendants have failed to demonstrate a palpable defect as to the Court's conclusion that Plaintiffs' RICO claims are not barred by the statute of limitations.

### 3. The Court Did Not Commit a Palpable Defect When It Found that Plaintiffs Pleaded the Existence of a Distinct RICO Enterprise in Counts I and II

Defendants additionally claim that the Court was misled in its analysis of the RICO claims and that Counts I and II should not survive Federal Rule of Civil Procedure 12(b)(6) dismissal. ECF No. 20, PageID.597. Specifically, Defendants aver that "Plaintiffs have failed [to] plead the existence of a distinct, alleged RICO enterprise requisite to an action claim for violation of RICO." *Id.* at PageID.596. This argument parallels the same assertion made in Defendants' original dismissal motion.

Upon further review of the record and legal precedent, the Court reaches the same conclusion with respect to Plaintiffs' RICO claims. While Defendants once again cite to *Begala* as support for their position, the Court has already distinguished *Begala* from the instant matter. *Begala v. PNC Bank, Ohio, Nat. Ass'n*, 214 F.3d 776, 782 (6th Cir. 2000); *see* ECF No. 18, PageID.537 ("Plaintiffs here have alleged, at the very least, that (1) RSP Express' registration as a motor carrier and (2) NA Truck Repair's license to work on vehicles are distinct elements that separate them from Razvan and Maria Pop."). The Court is not persuaded by Defendants' contentions that mere "association" with an enterprise forecloses Plaintiffs' ability to plead distinct enterprises for purposes of a civil RICO claim. ECF No. 1, PageID.12; *see In re ClassicStar Mare Lease Litig.*, 727 F.3d 473, 490 (6th Cir. 2013).

Thus, "[b]ecause a motion for reconsideration is not a vehicle for litigants to re-hash old arguments or to relitigate their cases," this argument must also fail. *Rodriques v. Delta Air Lines, Inc.*, No. 14-CV-12707, 2015 WL 10635525, at *2 (E.D. Mich. May 18, 2015), *aff'd sub nom. Rodriques v. Delta Airlines, Inc.*, 644 F. App'x 629 (6th Cir. 2016).

### 4. The Court Did Not Err in Concluding that Plaintiffs Permissibly Pleaded Counts IV-VI in the Alternative

Defendants additionally contend that the Court committed a palpable defect by holding that Plaintiffs may proceed with their claims for unjust enrichment,

11

promissory estoppel, and conversion in the alternative. Defendants, however, cite no legal precedent evincing how the Court erred in its decision on this issue. Further, Defendants note that the disagreement with the Court's determination "was based on its erroneous finding that Plaintiffs have standing to maintain this action against Defendants." ECF No. 20, PageID.598.

As discussed *supra*, the Court has concluded that Plaintiffs met the constitutional minimum to establish standing in this case. Moreover, the Court maintains that it would be premature to dismiss Plaintiffs' alternate claims at this early stage of the proceedings; the viability of Counts IV through VI will be determined upon further factual development. Accordingly, there is a sufficient basis for this Court to allow Plaintiffs' counts for unjust enrichment, promissory estoppel, and conversion to proceed at this time.

### 5. The Court Did Not Fail to Consider Defendants' Arguments for Dismissal of Plaintiffs' Conversion Claim in Count VI

Finally, Defendants contend that this Court "neglected to address the arguments made by Defendants" in their dismissal motion regarding Count VI, and that proper consideration of their assertions would result in dismissal of Plaintiffs' conversion claim. ECF No. 20, PageID.599. In reaching its conclusion, however, the Court reviewed all of the briefs and the arguments contained therein, and determined that Plaintiffs properly pled its alternative claim for conversion. *See* ECF No. 18, PageID.542-543. The Court was not persuaded by Defendants'

arguments regarding Plaintiffs' conversion claim and considered that, if subsequent factual development disproves the existence of express contracts governing this matter, Plaintiffs' could maintain a conversion claim under Michigan law. Further, the Court "is not required to delineate every reason for the decisions that it makes," and Defendants identify no palpable error in this Court's conclusion here. *Ericksen v. Doe #1*, No. 15-CV-10088, 2015 WL 13035520, at *1 (E.D. Mich. July 23, 2015).

In sum, Defendants have failed to demonstrate that they are entitled to relief under Local Rule 7.1(h)(3).

### IV. MOTION FOR CERTIFICATION AND INTERLOCUTORY APPEAL

Defendants have also moved for certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). ECF No. 21. A party seeking interlocutory appeal must demonstrate that "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002); *see also* 28 U.S.C. § 1292(b). Review under § 1292(b) is granted "sparingly and only in exceptional cases." *Id.* (citing *Kraus v. Bd. Of County Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966)). "It is to be used only in exceptional cases where an immediate appeal may avoid protracted and expensive litigation and is not

intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Kraus*, 364. F.2d at 922.

Here, Defendants seek certification for an interlocutory appeal regarding whether Plaintiffs, "as sole or majority shareholders of [] Michigan corporations that did business with Defendants have standing to maintain and are real parties in interest" with respect to the six claims in Plaintiffs' Complaint, and thus whether the Court may exercise subject matter jurisdiction over this case. ECF No. 21, PageID.622. Plaintiffs oppose Defendants' request, asserting instead that Defendants are conflating Article III standing with the real party in interest doctrine, and that Defendants' arguments present questions of fact, not law. *See* ECF No. 23, PageID.717-18.

Defendants have not demonstrated that an interlocutory appeal is warranted here. Specifically, Defendants have failed to establish that a substantial ground for difference of opinion exists regarding the correctness of the Court's prior decision. A substantial ground for difference of opinion exists where:

> (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions;
> (2) the question is difficult and of first impression;
> (3) a difference of opinion exists within the controlling circuit; or
> (4) the circuits are split on the question.

*In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (internal quotation marks and citations omitted). The Court has already addressed the issue of standing in its

discussion *supra*, as well as in its October 15, 2020 Opinion and Order, and does not find that this case presents any grounds for substantial differences of opinion. The question of standing presented before the Court was not novel, and Sixth Circuit precedent guided the ultimate conclusion. Instead, the primary issue is concisely presented in Plaintiffs' Response discussing a prior Eastern District of Michigan case: "the issue was not whether there was an alleged injury to plaintiff caused by defendant's breach of contract, but whether the plaintiff—who was not a signatory to the contract—was the real party in interest meaning that it had a right granted under substantive law to sue defendants." ECF No. 23, PageID.719 (citing *T. Lemkau & Assoc., Ltd. v. Sowa Tool & Mach. Co.*, No. 11-10039, 2011 WL 1256826, at *4–5 (E.D. Mich. Apr. 4, 2011) (Edmunds, J.)). This is a factual question that does not present sufficient grounds to warrant the rare grant of an interlocutory appeal. Accordingly, the Court will decline to grant certification for an interlocutory appeal and will deny Defendants' request to stay the proceedings in this case.

### V. CONCLUSION

For the reasons discussed herein, Defendants' Motion for Reconsideration [#20] is **DENIED** and Defendants' Motion to Certify for Interlocutory Appeal and for a Stay of Proceedings [#21] is **DENIED**.

discussion *supra*, as well as in its October 15, 2020 Opinion and Order, and does not find that this case presents any grounds for substantial differences of opinion. The question of standing presented before the Court was not novel, and Sixth Circuit precedent guided the ultimate conclusion. Instead, the primary issue is concisely presented in Plaintiffs' Response discussing a prior Eastern District of Michigan case: "the issue was not whether there was an alleged injury to plaintiff caused by defendant's breach of contract, but whether the plaintiff—who was not a signatory to the contract—was the real party in interest meaning that it had a right granted under substantive law to sue defendants." ECF No. 23, PageID.719 (citing *T. Lemkau & Assoc., Ltd. v. Sowa Tool & Mach. Co.*, No. 11-10039, 2011 WL 1256826, at *4–5 (E.D. Mich. Apr. 4, 2011) (Edmunds, J.)). This is a factual question that does not present sufficient grounds to warrant the rare grant of an interlocutory appeal. Accordingly, the Court will decline to grant certification for an interlocutory appeal and will deny Defendants' request to stay the proceedings in this case.

### V. CONCLUSION

For the reasons discussed herein, Defendants' Motion for Reconsideration [#20] is **DENIED** and Defendants' Motion to Certify for Interlocutory Appeal and for a Stay of Proceedings [#21] is **DENIED**.

**IT IS SO ORDERED.**

                                                  s/Gershwin A. Drain
                                                  GERSHWIN A. DRAIN
                                                  UNITED STATES DISTRICT JUDGE

Dated: May 4, 2021

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 4, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager