UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIRELA USELMANN, et al.,

        Plaintiffs,

v.

RAZVAN POP, et al.,

        Defendants.

_____/

Case No.: 19-13652
U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' SUPPLEMENTAL LAY PERSON AND EXPERT WITNESS LIST [#115]

### I. INTRODUCTION

Presently before the Court is Defendants' Motion to Strike Plaintiffs' Supplemental Lay Person and Expert Witness List, filed on May 14, 2024. Plaintiffs filed a Response on May 28, 2024, and Defendants filed a Reply on June 3, 2024. A hearing was not held on this matter. For the following reasons, Defendants' Motion to Strike Plaintiffs' Supplemental Lay Person and Expert Witness List [#115] is GRANTED IN PART and DENIED IN PART. The Motion to Strike is denied, but the alternative relief is granted.

## II. BACKGROUND

On May 18, 2021, the Court issued a Scheduling Order advising the parties that Plaintiffs' deadline for identifying lay and expert witnesses was July 19, 2021, and the discovery cutoff was November 18, 2021.[1] Sometime before July 2021, Plaintiffs served an interrogatory on Defendants requesting the identity and description of "the system . . . Defendants have used to keep track of loads and to ensure that Owners-Operators ('Contractors') are paid their agreed-upon share." ECF No.116-01, PageID.3577. In their July 2, 2021 answer to this interrogatory, Defendants stated that they used Microsoft Excel spreadsheets to record this information between 2010 and 2012. *Id.* at PageID.3578.

Over the course of nearly three years, Plaintiffs repeatedly requested these spreadsheets from Defendants. The parties disagree as to whether Defendants made them available for inspection. In the time since Defendants claim they did so, Defendants have been unable to locate them. On several occasions, and as recently as February 20, 2024, Defendants represented to Plaintiffs that "they are still searching" for the spreadsheets and "will produce responsive documents if [they] can be recovered." ECF No. 116-02, PageID.3584.

---

[1] The Court reopened discovery over class-wide allegations on May 11, 2023, for a period of six months following the expiration of the forty-five day opt out period.

On November 27, 2023, Plaintiffs filed a motion to compel production of these records. Magistrate Judge David R. Grand denied the motion because, given Defendants' contention that they could not locate them, Defendants had no responsive information to provide.

Plaintiffs filed a supplemental witness list on May 9, 2024, adding David J. Hammel as an expert witness on damages. Defendants seek to strike this witness list, arguing that they will be unduly prejudiced if Mr. Hammel is allowed to testify at trial because he was named as an expert witness after the close of discovery. In the alternative, Defendants seek an order (1) requiring Plaintiffs to provide all information, documents, and ESI responsive to Nos. 6-10, 16-17 of the Interrogatories and Nos. 52-55, 61, 63-65, 67-68 of the Requests of Production served by Defendants upon each Plaintiff; (2) granting Defendants a reasonable amount of time to retain an expert of their own, to allow the expert to analyze apposite records and generate an expert report or analysis pertaining to issues in dispute, and to confer with an expert in preparation for a deposition of Mr. Hammel; and (3) granting Defendants the opportunity to depose Mr. Hammel within a reasonable period of time after Plaintiffs provide the information, documents, and ESI responsive to Nos. 6-10, 16-17 of the Interrogatories and Nos. 52-55, 61, 63-65, 67-68 of the Requests of Production served by Defendants upon each Plaintiff and Defendants have had the opportunity to confer with an expert in

preparation for a deposition of Mr. Hammel. Plaintiffs argue that Mr. Hammel's testimony is necessary to establish damages incurred between 2010 and 2012.

### III. LAW & ANALYSIS

Because Plaintiffs' addition of Mr. Hammel to their witness list was untimely, the Court must determine whether Plaintiffs should be allowed to supplement their witness list at this late date. Federal Rule of Civil Procedure 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "primary measure" of good cause is the moving party's diligence in attempting to comply with the court's scheduling order. *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.*

The Court finds that Plaintiffs have been diligent in attempting to comply with the Court's scheduling order and thus have shown good cause. Since learning of the Excel spreadsheets in June 2021, they have utilized multiple discovery tools to try and obtain this information. There is no evidence of bad faith on Plaintiffs' part in amending the witness list after the deadlines set forth in the scheduling order. Instead, Plaintiffs' need for an expert witness arose *after* the close of discovery, once it became apparent that they were unlikely to obtain the spreadsheets.

To avoid prejudicing Defendants, the Court will grant the alternative relief they seek. The Court notes that Plaintiffs have stated that they have no objection to this alternative relief, and that they indicated this to defense counsel via email on May 16, 2024.

## IV. CONCLUSION

For the reasons articulated above, Defendants' Motion to Strike Plaintiffs' Supplemental Lay Person and Expert Witness List [#115] is GRANTED IN PART and DENIED IN PART. The Motion to Strike is denied, but the alternative relief is granted. Plaintiffs are hereby ordered to provide all information, documents, and ESI responsive to Nos. 6-10, 16-17 of the Interrogatories and Nos. 52-55, 61, 63-65, 67-68 of the Requests of Production served by Defendants upon each Plaintiff. Defendants are granted a reasonable amount of time to retain an expert of their own, to allow the expert to analyze apposite records and generate an expert report or analysis pertaining to issues in dispute, and to confer with an expert in preparation for a deposition of Mr. Hammel. Defendants are also granted the opportunity to depose Mr. Hammel within a reasonable period of time after Plaintiffs provide the information, documents, and ESI responsive to Nos. 6-10, 16-17 of the Interrogatories and Nos. 52-55, 61, 63-65, 67-68 of the Requests of Production served by Defendants upon each Plaintiff and Defendants have had the

5

opportunity to confer with an expert in preparation for a deposition of Mr. Hammel.

    SO ORDERED.

Dated: September 19, 2024                      /s/Gershwin A. Drain
                                                        GERSHWIN A. DRAIN
                                                        United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 19, 2024, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager