UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIRELA USELMANN, *et al.*,

              Plaintiffs,

                                          Case No. 19-13652

v.                               U.S. DISTRICT COURT JUDGE
                                     GERSHWIN A. DRAIN

RAZVAN POP, *et al.*,

              Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTIONS *IN LIMINE*, AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS *IN LIMINE*

## I.    INTRODUCTION

Presently before the Court are Plaintiffs' and Defendants' Motions *in Limine*, filed on March 3, 2025. The parties filed Responses on March 17, 2025, and Replies on March 20, 2025. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of these motions. As such, they will be resolved on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, Plaintiffs' Motions *in Limine* are GRANTED IN PART AND DENIED IN PART, and Defendants' Motions in *Limine* are GRANTED IN PART AND DENIED IN PART.

## II.   __BACKGROUND__

This is a class action civil RICO case. Plaintiffs are truck drivers and owner-operators who transported freight on behalf of Defendant RSP Express Inc. ("RSP"), an over-the-road freight company. RSP is owned and operated by Defendants Razvan Pop and Maria Pop. In their First Amended Class Action Complaint, Plaintiffs alleged, among other things, that Defendants engaged in a fraud scheme that siphoned millions of dollars from Plaintiffs' share of contract proceeds, in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964, *et seq.*[1]

Plaintiffs moved for class certification on November 18, 2021, seeking certification of a class defined as "[a]ll owner-operators who contracted with Defendants from January 1, 2010 to January 1, 2020." ECF No. 42, PageID.1143. The Court granted this motion on January 27, 2023, but modified the class definition to encompass "all owner-operators who contracted with Defendants from January 1, 2011, to January 1, 2015." ECF No. 83, PageID.2916.

On February 14, 2024, Plaintiffs filed a Motion for Partial Summary

---

[1] Plaintiffs First Amended Class Action Complaint alleged two civil RICO claims, a breach of contract claim, an unjust enrichment claim, and a conversion claim. As a result of dispositive motion practice and the parties' Stipulation and Order to Dismiss Counts III-IV of Plaintiffs' Amended Complaint and to Waive Right to Jury Trial, ECF No. 140, this civil RICO claim is the only remaining cause of action.

Judgment. ECF No. 109. The Court granted this motion, finding, in relevant part, Defendants liable for Plaintiffs' RICO claim. ECF No. 118. The Court is scheduled to hold a bench trial on the damages for this claim on March 25, 2025 at 9:00 A.M. The parties filed Motions *in Limine* on March 3, 2025. Responses were filed on March 17, 2025, and Replies were filed on March 20, 2025.

### III.   <u>LEGAL STANDARD</u>

A motion *in limine* refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The purpose of this motion is "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). "In disposing of a motion *in limine*, the guiding principle is to 'ensure evenhanded and expeditious management of trials.'" *United States v. Anderson*, 563 F. Supp. 3d 691, 694 (E.D. Mich. 2021) (citation omitted). Whether to grant a motion *in limine* "falls within the sound discretion of the trial court." *Id.*

"A court should exclude evidence on a motion *in limine* only when that evidence is determined to be clearly inadmissible on all potential grounds." *Id.* When a court is unable to make that determination, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice can be resolved in the proper context." *Id.* Furthermore, "[o]rders *in limine* which exclude

broad categories of evidence should rarely be employed." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Instead, "[a] better practice is to deal with questions of admissibility of evidence as they arise." *Id.*

## IV.  LAW & ANALYSIS

### A. Plaintiffs' Motions *in Limine*

Plaintiffs' Motions *in Limine* seek the exclusion of: (1) unproduced evidence pertaining to damages incurred in 2010 and 2011; (2) evidence and arguments demonstrating that Plaintiffs are not entitled to 80% of the full gross revenue for loads transported to Mexico and Canada; (3) evidence pertaining to Plaintiffs' immigration status; and (4) evidence pertaining to Plaintiff Biclea's bankruptcy. These issues will be discussed in turn.

### i. Unproduced Evidence Pertaining to 2010 and 2011 Damages

First, Plaintiffs seek the exclusion of unproduced evidence pertaining to damages they incurred in 2010 and 2011. Despite repeated attempts to procure this evidence from Defendants, Plaintiffs argue, Defendants never produced it, offering varying stories with respect to its existence.

Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). A party who has "responded to an interrogatory [or] request for production . . . must supplement

or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e). A party's failure to do so bars them from using that evidence at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).; *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015) ("[E]xclusion of late or undisclosed evidence is the usual remedy for noncompliance with Rule 26(a) or (e)[.]"). These rules are designed to prevent "trial by ambush." *See Mote v. City of Chelsea*, 391 F. Supp. 3d 720, 737 (E.D. Mich. 2019); *Compuware Corp. v. Opnet Technologies, Inc.*, No. 04-73749, 2006 WL 8431538, at *3 (E.D. Mich. Mar. 13, 2006) (citation omitted).

Here, the Court finds that exclusion of this evidence is appropriate. Defendants have not offered any argumentation demonstrating that their failure to produce this evidence was substantially justified or is harmless. Therefore, this Motion *in Limine* is granted. The Court also finds that Plaintiffs are entitled to a rebuttable presumption that the information contained in these missing records would have been unfavorable to Defendants.

   ii. <u>Evidence and Arguments Demonstrating that Plaintiffs are not Entitled to 80% of Full Gross Revenue for Canada and Mexico Loads</u>

Second, Plaintiffs claim Defendants should be barred from arguing and introducing evidence demonstrating that Plaintiffs are not entitled to 80% of the full

gross revenue for loads transported to Mexico and Canada. Plaintiffs posit that the Court has already found that Plaintiffs are entitled to 80% of the gross revenue for these loads, and as such, argumentation and evidence on this issue is irrelevant and would only serve to confuse the factfinder.

The Court disagrees. In its Opinion and Order Granting Plaintiffs' Motion for Partial Summary Judgment—which Plaintiffs contend establishes their entitlement to 80% of the gross revenue for these loads—the Court found that Plaintiffs had "demonstrated that Defendants engaged in a pattern of racketeering activity," as there was "conclusive evidence that Defendants engaged in thousands of acts of mail fraud within a ten-year period of time by mailing fraudulent weekly Settlement Statements to more than one hundred owner-operators/drivers." ECF No. 118, PageID.3604-05. The Court also addressed arguments advanced by Defendants on this issue, including their claim that "[t]he agreements upon which Plaintiffs rely pertaining to the gross revenues upon which the 80% revenue shares were to be calculated obviously meant gross revenues attributable to the routes traversed by drivers of the companies who transported freight for RSP Express customers in the United States." ECF No. 112, PageID.3502. The Court found that, with respect to the existence of a pattern of racketeering activity, this "bare bones assertion without any evidentiary support is insufficient to demonstrate a question of fact exists on Plaintiffs' RICO claim." ECF No. 118, PageID.3606. The Court cited Federal Rule

of Civil Procedure 56(c)(1) in support of this assertion, noting that it requires parties to "support assertions of fact by 'citing to particular parts of materials in the record[.]'" *Id.*

In so doing, the Court did not conclude that Plaintiffs are entitled to 80% of the full gross revenue for loads transported to Mexico and Canada. Instead, the Court rejected Defendants' argument, which references international loads, as lacking evidentiary support. Nowhere else in the Opinion does the Court find or suggest that Plaintiffs are entitled to 80% of gross revenue for these loads. As such, this issue remains unsettled and is relevant to the Court's damages determination. Therefore, this Motion *in Limine* is denied.

### iii. Evidence of Plaintiffs' Immigration Status and Plaintiff Biclea's Bankruptcy

Plaintiffs' remaining Motions *in Limine* seek exclusion of evidence relating to (1) Plaintiffs' immigration statuses, claiming such evidence is irrelevant, unduly prejudicial, and will confuse the issues; and (2) Plaintiff Biclea's bankruptcy, arguing that such evidence is irrelevant, unduly prejudicial, and lacks probative value. In their Response, Defendants indicate that they do not intend to introduce this evidence. Therefore, these Motions *in Limine* are granted.

## B. Defendants' Motions *in Limine*

Defendants' Motions *in Limine* seeks the exclusion of: (1) testimony from witnesses who were not disclosed in Plaintiffs' witness lists and discovery

responses, including David Hammel and Steven Wells; (2) evidence regarding settlement offers and negotiations; (3) evidence of Defendant Razvan Pop's alleged harassment of Plaintiffs counsel's former client; (4) evidence regarding damages incurred in 2010; (5) evidence regarding damages incurred in 2011; (6) evidence of Mr. Steven Wells's damages summary and analyses; (7) Mr. Wells's testimony; and (8) Mr. Hammel's testimony and any exhibits or affidavits generated by him. These issues will be discussed in turn.

i. <u>Undisclosed Witnesses</u>

First, Defendants seek exclusion of all witnesses who were not disclosed in Plaintiffs' witness lists and discovery responses, including Mr. Hammel and Mr. Wells. Under Federal Rule of Civil Procedure 26, "a party must provide to the other parties and promptly file . . . the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises." Fed. R. Civ. P. 26(a)(3). If a party fails to do so, they are not allowed to use that witness at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Sixth Circuit has adopted a five-factor test to determine whether a party's non-disclosure was substantially justified or is harmless:

> (1) The surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the

evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748-49 (6th Cir. 2015) (citation omitted). "District courts have broad discretion in applying the factors and need not apply each factor rigidly." *Trutek Corp. v. BlueWillow Biologics, Inc.*, No. 21-10312, 2023 WL 6130532, at *8 (E.D. Mich. Sept. 19, 2023) (citing *Bisig v. Time Warner Cable*, 940 F.3d 205, 219 (6th Cir. 2019)).

First, the Court finds that the exclusion of Mr. Hammel is unwarranted under Rule 26. Plaintiffs identified him as an expert witness in their supplemental witness list, filed on May 9, 2024. ECF No. 114. While this filing was untimely, the Court nevertheless found that good cause existed to allow Plaintiffs to supplement their witness list at this late date. ECF No. 122. To avoid any undue prejudice caused by this late addition, the Court also allowed Defendants to depose Mr. Hammel. *Id.*

Second, while Plaintiffs failed to disclose Mr. Wells in their witness lists, the Court finds that this nondisclosure was harmless. Plaintiffs claim—and the Court has no reason to dispute—that their failure to do so was inadvertent, and that they were unaware of the omission until Defendants filed the present Motion *in Limine.* As indicated in their Witness Synopsis List, Plaintiffs intend to call Mr. Wells, a former employee of Plaintiffs' counsel, "for the limited purpose of testifying about the summary of Defendants' financial documents that he prepared to establish the gross revenues for 2012, 2013, and 2014." ECF No. 138, PageID.3929. The

summary synthesizes voluminous records and identifies discrepancies between Defendants' Driver Payroll History and Fleet Revenue reports. As this Court previously recognized, these discrepancies suggest that Plaintiffs were underpaid from 2012 to 2014.[1] As such, his testimony will be important to Plaintiffs' claim for damages.

Furthermore, Mr. Wells's testimony will not surprise Defendants. Mr. Wells prepared the summary using records produced by Defendants. Defendants have had access to Mr. Wells's summary for over three years, as Plaintiffs filed it in support of their class certification briefing on January 27, 2022. ECF No. 49-9. Accompanying the summary was an affidavit by Mr. Wells explaining the data and procedure he used to prepare the summary. *Id.* Lastly, the Court has no reason to believe his testimony will disrupt the trial. Therefore, on balance, the Court concludes that Plaintiffs' failure to disclose Mr. Wells as a witness was harmless, and thus he may testify at trial in accordance with Plaintiffs' Synopsis List.

Lastly, given that the purpose of Rule 26 is to prevent surprise at trial, the Court finds that exclusion of all other undisclosed witnesses is appropriate.

In sum, the Court denies this Motion *in Limine* as it pertains to Mr. Hammel

---

[1] Specifically, in its Opinion and Order Granting Plaintiffs' Motion for Partial Summary Judgment, the Court stated that these reports "suggest[] Plaintiffs were shorted more than $3,000,000" from 2012 to 2014. ECF No. 118, PageID.3607.

and Mr. Wells, and grants it with respect to all other undisclosed witnesses. Mr. Hammel and Mr. Wells may testify at trial, and all other undisclosed witnesses may not.

### ii. Evidence of Settlement Offers and Negotiations

Second, Defendants seek the exclusion of all evidence regarding "any settlement offers made or not made by Defendants, any settlement demands made or not made by Plaintiffs, and any settlement negotiations or lack thereof between the parties," claiming this evidence is inadmissible under Federal Rule of Evidence 408. ECF No. 134, PageID.3690. Under Rule 408, evidence of "furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise [a] claim," as well as of "conduct or a statement made during compromise negotiations about the claim," is inadmissible "either to prove or disprove the validity or amount of [the] disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a). Notwithstanding, Rule 408 does not serve as an absolute bar of such evidence, as "[t]he court may admit [it] for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Evid. 408(b). Given that, at this stage in the proceedings, the Court cannot assess the purpose for

which this evidence may be offered, the Court finds that this objection is premature. Therefore, this Motion *in Limine* is denied.

### iii.  Evidence of Mr. Pop's Alleged Harassment

Third, Defendants seek exclusion of evidence regarding Mr. Pop's alleged harassment of Plaintiffs counsel's former client, arguing that this evidence is "inadmissible pursuant to Fed. R. Evid. 401-404 because it is irrelevant, any probative value is substantially outweighed by the [danger] of unfair prejudice and will mislead the jury, and it consists of inadmissible character evidence." ECF No. 134, PageID.3690. In response, Plaintiffs suggest they may use this evidence to impeach Mr. Pop's credibility. Based on these considerations, the Court finds that this objection is premature and is best suited for determination at trial. Therefore, this Motion *in Limine* is denied.

### iv.  Evidence of 2010 Damages

Fourth, Defendants seek exclusion of evidence regarding the alleged damages incurred by Plaintiffs from January 1, 2010 to December 31, 2010. Considering that the Court defined the certified class in this case to be "owner operators who contracted with Defendants from January 1, 2011, to January 15, 2015," Defendants posit, evidence regarding alleged 2010 damages is irrelevant, and its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the factfinder.

The Court agrees. The Court's Opinion and Order Granting Plaintiffs' Motion for Class Certification unambiguously limits the class to "include all owner-operators who contracted with Defendants from January 1, 2011, to January 1, 2015." ECF No. 83, PageID.2916. Plaintiffs have not identified any utility this evidence would have on damages incurred during the class-certified time period. Therefore, this Motion *in Limine* is granted.

v.  <u>Evidence of 2011 Damages</u>

Fifth, Defendants seek exclusion of any testimony regarding damages allegedly incurred by Plaintiffs from January 1, 2010 to December 31, 2011, including that of Plaintiffs, Mr. Wells, and Mr. Hammel.[1] Because RSP Express's shipping transaction records do not exist from this time period, Defendants assert, this testimony "will not be based on personal knowledge, will lack foundation, and will consist of mere speculation and conjecture," rendering it inadmissible under Federal Rule of Evidence 602. ECF No. 134, PageID.3692.

Under Rule 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. The witness's personal knowledge may be proven

---

[1] In light of the Court's determination that evidence of 2010 damages shall be excluded, the Court addresses this Motion *in Limine* only as it pertains to 2011 damages.

13

by his own testimony. *Id.* Furthermore, Rule 602 "does not apply to a witness's expert testimony," and instead the permissibility of such testimony is governed by Federal Rule of Evidence 703. *Id.*

With respect to Plaintiffs, the nonexistence of RSP Express's shipping transaction records for this time period does not necessarily mean Plaintiffs lack personal knowledge regarding 2011 damages. Their personal knowledge may come from, for example, their personal experiences, observations, and interactions with Defendants. Accordingly, this objection is best suited for trial, where the Court can assess the testimony and the bases upon which it is premised. Thus, this Motion *in Limine* is denied as it pertains to Plaintiffs.

Similarly, the Court finds it premature to exclude the testimony of "any other witness" regarding the damages incurred during this time period, as it is unable to assess the personal knowledge of unspecified witnesses. Therefore, this Motion *in Limine* is denied as it relates to "any other witness."

As for Mr. Wells, the Court agrees that he lacks personal knowledge regarding damages for this time period. The information he reviewed in the course of preparing his summary pertains only to 2012, 2013, and 2014. As an uninvolved third party employed by Plaintiffs' counsel, the Court finds that he otherwise lacks personal knowledge to testify with respect to the damages Plaintiffs incurred in 2011. Therefore, Defendants' Motion *in Limine* is granted with respect to Mr. Wells.

Lastly, with respect to Mr. Hammel, Rule 602 does not govern his testimony, as he is an expert witness. Instead, Rule 703 applies, which provides that "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." Fed. R. Evid. 703. Defendants have offered no argumentation addressing whether Mr. Hammel's testimony is barred by Rule 703. Therefore, this Motion *in Limine* is denied with respect to Mr. Hammel.

vi.   Exclusion of Mr. Wells's Testimony Pursuant to Michigan Rule of Professional Conduct 3.7

Sixth, Defendants argue that "[a]ny potential testimony from Mr. Wells and affidavits and exhibits generated by him are . . . precluded by Rule 3.7 of the Michigan Rules of Professional Conduct[.]" ECF No. 134, PageID.3693. This rule provides, in pertinent part, that:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

Mich. R. Prof. Conduct 3.7(a). Mr. Wells was employed by Plaintiffs' counsel as a non-attorney. ECF No. 49-9. Defendants offer no law nor argumentation demonstrating that Rule 3.7 applies to non-attorney staff of counsel. Therefore, this Motion *in Limine* is denied.

vii.  <u>Mr. Wells's Damages Analyses</u>

Seventh, Defendants claim that "[a]ny affidavits and documents attributed to Mr. Wells that contain his damage analyses are inadmissible pursuant to Fed. R. Evid. 104(a) [and] 401-403." ECF No. 134, PageID.3694. Defendants assert that Mr. Wells's summary is "grossly inflated" because it includes the fleet revenue data of (1) "more than 20 contractors who are not in the certified class because they either opted out[] or . . . had different agreements with RSP Express" than did Plaintiffs, and (2) "Mexican and Canadian companies which transported freight within Mexico and Canada," which Plaintiffs were not responsible for. *Id.* at PageID.3694-95. This inflation, Defendants argue, renders such evidence irrelevant and unreliable, and its probative value is substantially outweighed by a danger of unfair prejudice and misleading the jury.

The Court disagrees. Mr. Wells's summary appears to analyze and summarize data on a per-driver basis. Contrary to what Defendants suggest, it does not aggregate or otherwise intermingle the data of class members and non-class members. Thus, the inclusion of non-class members in Mr. Wells's summary does not render it "grossly inflated." Defendants offer no other argumentation demonstrating that Mr. Wells's summary otherwise renders *all* affidavits and documents containing his damages analyses inadmissible. Therefore, this Motion *in Limine* is denied.

16

viii.   Defendants' Remaining Motions *in Limine* Addressing Mr. Wells

Furthermore, Defendants advance the following arguments with respect to

Mr. Wells:

- "Any affidavits and documents attributed to Mr. Wells that contain his damage analyses are inadmissible pursuant to Fed. R. Evid. 104(a), 801-802 because these consist of hearsay and hearsay within hearsay";

- "Any testimony from Mr. Wells will be inadmissible pursuant to Fed. R. Evid. 104(a) and 701 because it will not be (1) rationally based on the witness's perception; (2) helpful to clearly understand the witness's testimony or to determine a fact in issue; and (3) purportedly will be based on scientific, technical, or other specialized knowledge within the scope of Rule 702 . . ." and

- Mr. Wells's testimony "is inadmissible pursuant to Fed R. Evid. 104(a) and 702 and standards enunciated by the United States Supreme Court . . . because Mr. Wells[] (1) does not have technical or other specialized knowledge that will help the trier of fact to understand the evidence or to determine a fact in issue; (2) any testimony from him will be based on insufficient facts or data; (3) any testimony from him will not be the product of reliable principles and methods; and (4) he did not reliably apply any applicable principles and methods to the facts of the case."

ECF No. 134, PageID.3695-96.

Beyond articulating a thread-bare recital of the governing law, Defendants

offer no real analysis demonstrating the inadmissibility of this evidence. As the Sixth

Circuit has recognized, "[i]t is not sufficient for a party to mention a possible

argument in the most skeletal way, leaving the court to . . . put flesh on its bones."

*McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (citation omitted).

Therefore, these Motions *in Limine* are denied.

ix.   Exclusion of Mr. Hammel's Testimony, Expert Report, Affidavits, and Exhibits

Lastly, Defendants seek exclusion of Mr. Hammel's testimony and "any expert reports, affidavits, and exhibits generated by [him] . . . concerning Plaintiffs' and class members' alleged damages for the years 2010 through 2014." ECF No. 134, PageID.3697. They argue that such evidence is inadmissible because (1) he "exclusively relied upon and extrapolated from Mr. Wells' flawed and exaggerated damage calculations for the years 2012 through 2014 without independently vetting the applicable financial data to generate his opinion about Plaintiffs'. . . alleged damages for the years 2010 and 2011"; (2) "his specialized knowledge will not help the trier of fact to understand the evidence or to determine a fact in issue"; (3) "any testimony from him will be based on insufficient facts or data"; (4) "any testimony from him will not be the product of reliable principles and methods"; and (5) "he did not reliably apply any applicable principles and methods to the facts of the case." *Id.* at PageID.3698-99.

Here, it is true Mr. Hammel's report relies upon Mr. Wells's summary. Nevertheless, beyond pointing to its inclusion of non-class member data, here too Defendants fail to demonstrate that this summary is itself flawed or exaggerated. Furthermore, Defendants have offered little explanation or analysis as to why the inclusion of non-class member data renders Mr. Himmel's testimony, affidavits, and exhibits inadmissible. Plaintiffs hired Mr. Hammel as an expert witness to shed light

on 2011 damages, as Defendants' financial records for this year purportedly do not exist. As such, the inclusion of non-class member data may well be relevant to forecasting the damages Plaintiffs incurred during these years. Thus, without further argumentation on this issue, the Court cannot conclude that this evidence is inadmissible.

Lastly, the Court notes that Plaintiffs have indicated that Mr. Hammel will testify only as to the amount of damages owed to Plaintiffs in 2011. As such, his testimony shall be limited to the alleged damages incurred during this year.

Therefore, this Motion *in Limine* is denied. Should it become apparent that Mr. Hammel's testimony misconstrues the damages Plaintiffs are entitled to, Defendants may raise objections at trial.

## V.    CONCLUSION

For the reasons that follow, Plaintiffs' Motions *in Limine* are GRANTED IN PART AND DENIED IN PART, and Defendants' Motions *in Limine* are GRANTED IN PART AND DENIED IN PART.

SO ORDERED.

Dated: March 24, 2025                    /s/ Gershwin A. Drain
                                         GERSHWIN A. DRAIN
                                         United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 24, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager