## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MIRELA USELMANN,**
**D/B/A SAPPHIRE TRUCKING, INC.,**
**GABRIEL BICLEA,**
**D/B/A MB TRUCKING, INC.,**
**ION GUTU, D/B/A GPA TRUCKING, INC.,**
**and DUMITRU MARIUS RENDENCIUC,**
**D/B/A DMR EXPRESS, INC.**

Case No: 19-cv-13652
Hon. Gershwin A. Drain
Mag. David R. Grand

        Plaintiffs,

vs.

**RAZVAN POP, MARIA POP,**
**R.S.P. EXPRESS, INC.,**
**NA TRUCK REPAIR, LLC**
**and JOHN DOE CORPORATION ONE**
**and JOHN DOE CORPORATION TWO,**

        Defendants.

| | |
|---|---|
| Bruce A. Miller (P17746) | Raymond J. Carey (P33266) |
| Keith D. Flynn (P74192) | RAYMOND J. CAREY & ASSOCIATES, PLLC |
| Yvonne E. Tirakian (P86598) | *Attorneys for Defendants* |
| MILLER COHEN, P.L.C. | 30500 Northwestern Hwy., Suite 425 |
| *Attorneys for Plaintiffs* | Farmington Hills, MI 48334 |
| 7700 Second Ave., Ste. 335 | (248) 865-0001/Fax: (248) 865-0002 |
| Detroit, MI 48202 | rcarey@work-lawyers.com |
| (313) 964-4454/ Fax: (313) 965-4490 | |
| brucemiller@millercohen.com | |
| kflynn@millercohen.com | |
| ytirakian@millercohen.com | |
| | |
| Melvin Butch Hollowell (P37834) | |
| Angela L. Baldwin (P81565) | |
| THE MILLER LAW FIRM, P.C. | |
| *Co-Counsel for Plaintiffs* | |
| 950 W. University Dr., Ste. 300 | |

| Rochester, MI 48307<br>(248) 841-2200<br>mbh@millerlawpc.com<br>alb@millerlawpc.com | |

## PLAINTIFFS' MOTION FOR ATTORNEY FEES

NOW COME Plaintiffs, **MIRELA USELMANN D/B/A SAPPHIRE TRUCKING, INC., GABRIEL BICLEA D/B/A MB TRUCKING, INC., ION GUTU D/B/A GPA TRUCKING, INC., DUMITRU MARIUS RENDENCIUC D/B/A DMR EXPRESS, INC.**, and all similarly situated, by and through their attorneys, **MILLER COHEN, P.L.C**. (Bruce A. Miller and Keith Flynn) and with their *Motion For Attorney Fees,* state as follows:

Plaintiffs rely on their Brief in support.  Plaintiffs sought concurrence in the relief requested, however, despite reasonable and timely efforts the movant was unable to conduct a conference.

WHEREFORE Plaintiffs respectfully request that the Court grant *Plaintiffs*' *Motion for Attorney Fees.*

Respectfully submitted,

**MILLER COHEN P.L.C.**

By: */s/Yvonne E. Tirakian*
Bruce A. Miller (P17746)
Keith D. Flynn (P74192)
Attorneys for Plaintiffs
7700 Second Ave., Suite 335
Detroit, MI 48202
(313) 964-4454
brucemiller@milercohen.com
kflynn@millercohen.com
ytirakian@millercohen.com

Dated:  May 28, 2025

1

# **TABLE OF CONTENTS**

**PAGE(S)**

INDEX OF AUTHORITIES ...................................................................... ii-v

STATEMENT OF QUESTIONS PRESENTED ............................................vi

   I.  INTRODUCTION..................................................................................1

   II. ARGUMENT ......................................................................................3

   A. Plaintiffs Are Entitled to Attorneys' Fees and Costs by Law............3

   B.  Plaintiffs' Attorneys' Fees are Reasonable.................................4

   1.  The Time and Labor Required by the Case................................5

   2.  The Novelty and Difficulty of the Questions Presented.................6

   3.  The Skill Needed to Perform the Legal Service Properly...............7

   4.  The Preclusion of Other Employment by the Attorney Due to
       Acceptance of the Case...........................................................8

   5.  The Customary Fee.................................................................8

   6.  Whether the Fee is Fixed or Contingent.. ...............................9

   7.  Time Limitations Imposed by the Client or the Circumstances.......10

   8.  The Amount Involved and the Results Obtained.. .....................10

   9.  The Professional Standing and Experience of the Attorney .....……11

   10. The "Undesirability" of the Case……………………...……14

i

11. The Nature and Length of the Professional Relationship with the Client ....................................................................................15

12. Awards in Similar Cases.....................................................................15

III. AMOUNT OF ATTORNEYS' FEES ......................................................15

# INDEX OF AUTHORITIES

PAGE(s)

*Bell v. Prefix, Inc.*,

    784 F. Supp. 2d at 783 (E.D.Mich.2011)....................................................8


*Blum v. Stenson*,

    465 U.S. 886 (1984) ......................................................................................8


*Clements v. Prudential Protective Servs., LLC,*

    100 F. Supp. 3d 604 (E.D. Mich. 2015) .....................................................5


*Gascho v. Global Fitness Holdings, LLC,.,*

    822 F.3d 269, 279 (6th Cir. 2016)............................................................ 4


*Hensley v. Eckerhart*,

    461 U.S. 424, 433 (1983) ....................................................................4, 10


*Johnson v. Georgia Highway Express, Inc.,*

    488 F.2d 714 (5th Cir.1974) ............................................................4, 5, 14

*Lamar Advert. Co. v. Charter Twp. of Van Buren,*

iii

178 F. App'x. 498, 501 (6th Cir. 2006) ................................................... 8

*Moulton v. U.S. Steel Corp.,*

581 F.3d 344, 352 (6th Cir. 2009) ........................................................... 4

*Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.,*

487 F.2d  (Third Cir. 1973) ................................................... 10

*Rawlings v. Prudential-Bache Properties, Inc.,*

9 F.3d 513, 516 (6th Cir. 1993) ...........................................................3, 4

*Reed v. Rhodes*,

179 F.3d 453, 471 (6th Cir. 1999) ...........................................................4

*United Slate, Tile & Composition v. G&M Roofing and Sheet Metal Company, Inc.,*

732 F.2d 495 (6th Cir. 1994)…...........................................................9, 10

## **Statutes & Rules**

18 U.S.C. § 1964(c) ........................................................................1, 3

28 U.S.C. § 1961(a). ...................................................................3. 15, 16

Fed. R. Civ. R. 23(b)(3) ....................................................................1

Fed. R. Civ. P. 23(h)..........................................................................3

**Statement of Questions Presented**

1. Whether Plaintiffs are entitled to reasonable attorneys' fees in the amount of $471,000?

   Plaintiffs say: **Yes.**

2. Whether Plaintiffs are entitled to costs in the amount of $27,631.00, plus any costs submitted to the clerk and not taxed?

   Plaintiffs say: **Yes.**

3. Whether Plaintiffs are entitled to post-judgment interest pursuant to 28 U.S.C. § 1961(a) at a rate of 4.15% per day until the judgment is paid in full?

   Plaintiffs say: **Yes.**

## I.     INTRODUCTION

Plaintiffs are a class of more than 70 owner-operator truck drivers who had identical contracts with Defendants. Plaintiffs are certified as a class under Fed. R. Civ. R. 23(b)(3).  After over four years of discovery, Plaintiffs prevailed on summary judgment against Defendants on their civil RICO claims brought under 18 U.S.C. § 1964(c). [ECF No. 118] The issue of damages was initially reserved for trial, but the parties were able to reach a stipulation that allowed the Court to resolve the issue on motions and briefs as well. [ECF No. 153] The parties filed cross-motions for summary judgment on damages, and the Court again found for Plaintiff and against Defendants. [ECF No. 154] This Court awarded judgment in favor of Plaintiffs in the amount of $10,463,386.50. [ECF No. 155] Under civil RICO, Plaintiffs are also entitled to costs and attorneys' fees as the prevailing party. 18 U.S.C. § 1964(c).[1]

While resolution of this matter did not require a trial, the case was not a simple one to litigate. Plaintiffs filed their class-action Complaint and Jury Demand on December 11, 2019, and this Court entered its final judgment on April 30, 2025 – nearly five and a half years later. In the half decade this matter

---

[1] Plaintiffs' counsel intends to file a motion seeking the Court's approval of a common fund and proposing the allocation and disbursement of the proceeds to members of the class and class counsel. Plaintiffs' counsel has a one-third contingency fee agreement with the named Plaintiffs in this matter.  To clarify, this motion only relates to the fee shifting provision of civil RICO and the amount that Defendants should be ordered to pay in addition to the $10,463,386.50 already awarded by the Court to pay for Plaintiffs' reasonable attorneys' fees and costs.

1

remained pending, the parties conducted discovery notably including seven lay witness depositions and six separate motions to compel. [ECF No. 37; ECF No. 38; ECF No. 50; ECF No. 56; ECF No. 97, and ECF No. 102] Of the motions to compel discovery, five were filed by Plaintiffs after Defendants refused to turn over documents and/or answer written discovery requests.

These motions resulted in Defendants' production of 107 Banker's Boxes of documents accompanied by an admission that Defendants destroyed relevant records that would have proved class-wide damages for the year 2011. [ECF No. 104, Page.ID 3357] Defendants' discovery tactics left Plaintiffs with no other choice but to hire a forensic accounting expert for the purpose of extrapolating the 2011 damages from the limited data that Defendants actually produced. Defendants made every attempt to prevent discovery of damages in this case going so far as filing a motion to strike Plaintiffs' expert, which, of course, was denied. [ECF No. 122]

Motion practice was routinely used elsewhere in the litigation with Defendants unsuccessfully seeking dismissal of Plaintiffs' claims twice. [ECF No. 18; ECF No. 75] Defendants prevailed on very few of the motions they filed, but that did not stop Defendants from filing them. Prior to this Court's final judgment, Defendants had already filed motions for reconsideration and sought interlocutory appeal from the Sixth Circuit – twice – to no avail. [ECF No. 28;

2

ECF No. 88] Since the entry of the Court's April 30, 2025 Judgment, Defendants have again filed a motion for reconsideration (this time disguised as a "motion to amend or alter judgment") further delaying their most recent appeal of the same order to the Sixth Circuit. [ECF No. 159; ECF No. 160, PageID.4261-62]

As a result of the length and nature of the case, Plaintiffs' attorneys' fees total \$471,000[2] and their costs total \$27,631.00.[3] Plaintiffs are further entitled to post-judgment interest pursuant to 28 U.S.C. § 1961(a) at a rate of 4.15%. per day until the judgment is paid in full.

## II.    ARGUMENT

### A.  Plaintiffs Are Entitled to Attorneys' Fees and Costs by Law

When awarding attorneys' fees in a class action, a court must make sure that counsel is fairly compensated for the amount of work done as well as for the results achieved. *Rawlings v. Prudential-Bache Props., Inc.,* 9 F.3d 513, 516 (6th Cir. 1993). Rule 23 authorizes a court to "award reasonable attorney's fees and non-taxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). RICO permits a civil plaintiff to recover "the cost of the suit, including a reasonable attorney's fee." *Davis v. Mutual Life Ins. Co.,* 6 F.3d 367, 381 (quoting 18 U.S.C. § 1964(c)).

---

[2] Exhibit A – Plaintiffs' Itemized Attorneys' Fees
[3] ECF No. 162 – Bill of Costs; See also ECF No. 162-1, Exhibits to Bill of Costs

### B. Plaintiffs' Attorneys' Fees are Reasonable

When awarding attorney's fees in a class action, a court must make sure that counsel is fairly compensated for the amount of work done as well as for the results achieved. *Rawlings v. Prudential-Bache Properties, Inc.,* 9 F.3d 513, 516 (6th Cir. 1993). These two measures of the fairness of an attorney's award—work done and results achieved—can be in tension with each other. *Gascho v. Global Fitness Holdings, LLC,* 822 F.3d 269, 279 (6th Cir. 2016). The lodestar method better accounts for the amount of work done, while the percentage of the fund method more accurately reflects the results achieved. *Rawlings,* 9 F.3d at 516. District courts have the discretion to select the particular method of calculation, but must articulate the "reasons for 'adopting a particular methodology and the factors considered in arriving at the fee.'" *Moulton v. U.S. Steel Corp.,* 581 F.3d 344, 352 (6th Cir. 2009) (quoting *Rawlings* at 516).

Plaintiffs anticipate that this Court will, at a minimum, consider the factors in applying the lodestar method to determine a reasonable fee by calculating the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Sixth Circuit has adopted the twelve-factor test from *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), to determine a reasonable fee. *See Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). Those factors are:

(1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Clements v. Prudential Protective Servs., LLC,* 100 F. Supp. 3d 604 (E.D. Mich. 2015) (quoting *Johnson,* 488 F.2d at 717-19).

### 1.    The Time and Labor Required by the Case

In determining the time and labor required by a case, the trial court "should weigh the hours claimed against his own knowledge, experience, and expertise of the time required to complete similar activities." *Johnson*, 488 F.2d at 717. Here, Plaintiffs' attorneys spent a reasonable amount of time filing and responding to motions. A snapshot of  the litigation required to certify the class and secure a Judgement for more than $10.4 million can be found by reviewing the following numbers:

- Five-and-a-half years of litigation—Plaintiffs filed their class-action Complaint and Jury Demand on December 11, 2019, and this Court entered its final judgment on April 30, 2025
- 160 docket entries and almost 4300 pages filed with the Court— most of which involved motion practice.
- Two dispositive motions and a motion for class certification were filed by the Plaintiffs and fully briefed.
- Four dispositive motions, two motions for reconsideration, a motion seeking interlocutory appeal, and a petition for review to the Sixth Circuit were filed by Defendants and fully briefed.

5

- Three mediations/facilitations took place.
- Six motions to compel were filed—five were filed by Plaintiffs after Defendants refused to turn over documents and/or answer written discovery requests.
- Seven lay witnesses and an expert witness were deposed.
- Thousands of pages of discovery was uncovered, including contracts, settlement statements, Fleet Revenue Reports, Driver Payroll Reports, and 107 banker's boxes of invoices over a three-year period of time.

Plaintiffs' attorneys avoided duplicative billing and utilized paralegals where possible. Throughout the nearly five-and-a-half years the litigation was pending, Plaintiffs' attorneys made every effort to maximize efficiency in a variety of ways, including adopting stipulations to narrow disputed issues before the Court. As a result, this 70+ member class action was resolved entirely on briefs quite efficiently and effectively without the need to empanel a jury.

Plaintiffs' attorneys participated in a private mediation and various settlement conferences before this Court and Magistrate Judge David Grand. Plaintiffs were not opposed to settlement and made every effort possible, but Defendants refused to bargain in good faith, even after Plaintiffs prevailed on summary judgment and the only issue was damages owed to the class.

2.   The Novelty and Difficulty of the Questions Presented

This case was far from simple, given the heightened pleading standard for fraud claims and the additional hurdles for plaintiffs seeking class certification under Rule 23. But of the numerous complex legal issues faced by Plaintiffs in this case,

the greatest challenge posed in this case arose, however, not in proving liability, but in accurately assessing class-wide damages. When Plaintiffs discovered that Defendants had effectively erased two entire years' worth of records that would have clearly documented the amounts owed to Plaintiffs for that same time-period. Plaintiffs had to incur additional costs associated with hiring a forensic accounting expert to extrapolate the damages for the missing years using the information provided by Defendants in discovery. As a result, Plaintiffs' attorneys had to conduct additional discovery even after proving liability. Additionally, Defendants consistently filed motions advancing highly nuanced and technical arguments. Plaintiffs' attorneys expended a reasonable amount of time performing research in order to respond to countless frivolous (albeit creative) legal arguments.

### 3.   The Skill Needed to Perform the Legal Service Properly

Plaintiffs' attorneys expended a reasonable amount of time to prosecute their case and demonstrated their ability to properly perform legal services on Plaintiffs' behalf, as evidenced by the $10.4 million judgment awarded on briefs alone, when Defendants refused to offer more than 1/5 of that amount during settlement negotiations.

### 4.   The Preclusion of Other Employment by the Attorney Due to Acceptance of the Case

Miller Cohen, P.L.C. is a respected Detroit law firm specializing in representing employees and labor unions in litigation across a variety of forums. Plaintiffs' attorneys dedicated a great deal of their time to Plaintiffs' case that would otherwise have been spent on another client.

### 5.  The Customary Fee

Reasonable hourly rates "are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). A reasonable hourly rate should be sufficient to encourage competent lawyers in the relevant community to undertake legal representation. *Lamar Advert. Co. v. Charter Twp. of Van Buren*, 178 F. App'x. 498, 501 (6th Cir. 2006). "Michigan federal courts routinely use [the State Bar of Michigan's Economics of Law Practice Survey] as evidence of reasonableness in determining attorney's fees." *Bell v. Prefix, Inc.*, 784 F. Supp. 2d at 783 (E.D.Mich.2011). The most recent survey was published in 2023 (**Exhibit C -** State Bar of Michigan's "2023 Economics of Law Practice Attorney Income and billing Rate Summary Report") The relevant values are included in the following table:

| Years Practiced | Mean Hourly Rate | 75th Percentile Hourly Rate |
|---|---|---|
| 1 to 2 | 251 | 300 |

| | | |
|---|---|---|
| 3 to 5 | 300 | 340 |
| 6 to 10 | 322 | 385 |
| 11 to 15 | 330 | 395 |
| 16 to 25 | 337 | 425 |
| 26 to 30 | 375 | 450 |
| 31 to 35 | 369 | 450 |
| Greater than 35 | 337 | 400 |

The average billing rate for a law firm located in Downtown Detroit and New Center area (where Miller Cohen, P.L.C. is located) is $454, and the 75th percentile is $593. The average billing rate for a plaintiff-side attorney practicing employment law is $475, and the 75th percentile is $650.

### 6. Whether the Fee is Fixed or Contingent

Taking up the effect of contingency fee arrangements on an award of attorney's fees and costs, the Court in *United Slate, Tile & Composition v. G&M Roofing and Sheet Metal Company, Inc.,* 732 F.2d 495 (6th Cir. 1994) held that "the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel." *Id*. at 504. The *United Slate* court did, however, permit the consideration of the contingent nature of a fee when calculating the reasonable hourly billing rate to provide an allowance for contingent

9

risks assumed by the attorney. *See Id.* at 503. Further elaborating on *United Slate,* the sixth circuit subsequently explained: "In other words, the reasonable hourly rate may be adjusted upward to account for the risk of non-payment inherent in a contingency fee arrangement. But to use the arrangement as the basis for a downward adjustment from an otherwise reasonable rate is illogical and unjustified." *Hamlin v. Charter Twp. of Flint,* 165 F.3d 426, 438 (6th Cir. 1999)

### 7.  Time Limitations Imposed by the Client or the Circumstances

This factor is not relevant.

### 8.  The Amount Involved and the Results Obtained

One of the primary determinants of the quality of work performed is the result obtained. See *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.,* 487 F.2d at (3rd Cir. 1973); see also *Hensley,* 461 U.S. at 434-36 (the most critical factor in determining a reasonable fee is the result achieved by counsel). In this case, the class Plaintiffs recovered over $10.4 million *without* a jury trial. A judgment of this size in a fraud case surely speaks for itself.

### 9.  The Professional Standing and Experience of the Attorney

Bruce Miller is the president and founder of Miller Cohen, P.L.C. In his 70 years of practice, he has recovered millions on behalf of working people. He has

been honored by either serving or having served as General Counsel of the Metro

AFL-CIO, the Michigan AFL-CIO, Labor's Hall of Fame, The A. Phillip Randolph

Institute, the Sam Fishman Memorial Scholarship Fund and sat on the Lawyers

Advisory Panel to the AFL-CIO. In 2024, he received an honorary doctorate from

Oakland University. As this Court stated in its order granting class certification in

this matter:

> Mr. Miller is an accomplished attorney who has been practicing law in Michigan and around the country since 1954. He has extensive expertise in labor and employment law and class action litigation. Mr. Miller has tried multiple cases with complex facts and legal issues. One of his cases took 12 years to [litigate] and many of his cases resulted in large recoveries for his clients.

[ECF No. 83, PageID.2929] The 75th percentile hourly rate for an attorney with over

35 years of experience is $525.00, and the 95th percentile is $700. Given his

extensive knowledge, experience, and accolades, Plaintiffs request an hourly rate of

$600.00 for Mr. Miller.[4]

Keith Flynn is the head of the Employment Litigation Practice group at Miller

Cohen, P.L.C., and he was named a partner in December of 2023. With over 14 years

of experience in labor and employment law, Mr. Flynn has been recognized in

Michigan Super Lawyer magazine as a "Super Lawyer" in 2021, 2022, 2023, and

---

[4] Mr. Miller previously submitted an affidavit and biography in this matter in support of Plaintiffs' motion for class certification. *See* ECF No. 42-6.

2024 and a "Rising Star" in 2019 and 2020. Mr. Flynn graduated summa cum laude from Albion College with a Bachelor's degree in Political Science and Management. He then attended Michigan State University where he attained his Juris Doctorate cum laude and a Master's degree in Human Resources and Labor Relations. While at Michigan State, he served on the editorial board of the Michigan State Law Review.

Mr. Flynn was the lead trial attorney in *Zelma Motley v. Metro Man I, Inc. d/b/a Westwood Nursing Center*, No. 2:20-cv-11313, one of the top 100 civil rights jury verdicts in the country in the year 2022. In *Motley,* this Court held: "Keith Flynn, the lead attorney in this matter, is a respected, experienced, and accomplished practitioner in employment discrimination litigation. Mr. Flynn's reputation is well known to this Court. He handled this case from its inception through trial with exceptional skill and has done so in other cases." [Case 2:20-cv-11313-GAD-Cl, ECF No. 135, PageID.4293] Like in *Motley,* Mr. Flynn has been lead counsel on this case since the very beginning alongside Mr. Miller. He regularly argues before the Sixth Circuit Court of Appeals and remains undefeated at trial.

The mean hourly rate for a partner is 425.00, and the 95th percentile is $525.00 per hour. In 2023, this Court reasoned that Mr. Flynn commanded an hourly rate of $325.00. [*Id.*] Given the greater difficulty involved with a class action relating to fraud and civil RICO, acknowledging that he is now a partner at his firm, and

recognizing changes in the market for legal services since the *Motley* decision, [5] Plaintiffs request an hourly rate of $475.00 for Mr. Flynn. [6]

Yvonne Tirakian provided litigation support to Mr. Miller and Mr. Flynn during the pendency of this case, especially in the areas of legal research and motion practice. Ms. Tirakian is a 2022 graduate of Wayne State University Law School. During her time at Wayne Law, Yvonne served as an Article Editor and later went on to become the Reviewing Editor of the Journal of Law in Society. As a full-time law student, she completed 50 hours of voluntary pro bono legal work during a single semester at the Wayne Law Free Legal Aid Clinic. While she has only practiced employment law for one of the two years for which she has been licensed, Ms. Tirakian has significant courtroom experience. Ms. Tirakian began litigating in state court over three years ago as a law student and then a Recent Law Graduate pursuant to Michigan Court Rule 8.120 until she was licensed after passing the July 2022 bar exam. By the time she joined Mr. Miller and Mr. Flynn at Miller Cohen, P.L.C., Ms. Tirakian had already represented clients in court in upwards of 200 matters as a legal aid attorney, approximately one third of which were resolved at trial or contested hearing. Given her above-average level of trial experience relative to her two years

---

[5] At the time that the Court adjudicated the motion for attorneys' fees in *Motley*, the applicable Economics of Law Survey was the 2020 edition. For instance, the hourly billing rate for an attorney with 11 to 15 years has since increased. The mean in the 2020 Survey was $297; the mean in the 2023 Survey was $330. Similarly, the 75th percentile in the 2020 Survey was $350; the 75th percentile in the 2023 Survey was $395. This likely reflects to some degree the effect of inflation.
[6] Exhibit C – Declaration of Keith D. Flynn

of practice, Plaintiffs request the 75th percentile hourly rate of $300.00 for Ms. Tirakian.[7]

Ryan Paree was recently promoted to Senior Associate at Miller Cohen, P.L.C. Mr. Paree graduated from Albion College and Wayne State University Law School. While at Wayne Law, Ryan was an Article Editor and Board Member of the Journal of Law in Society, which published his paper in 2013. Additionally, he held two positions, Director of Student Affairs and Student Board of Governors Representative with the American Pacific American Law Student Association. Since graduating law school, Ryan has worked in several areas of law, including collections, insurance, and bankruptcy. In his nearly nine years of practice, Mr. Paree has conducted dozens of depositions, drafted many briefs, and participated in successful litigation in both federal and state courts.

Mr. Paree provided limited support in this matter as it related to Mr. Biclea's bankruptcy. However, Mr. Paree's expertise in bankruptcy and debtor-creditor matters is rivaled by few in the field. Recently, this Court published an opinion for the appointment of a receivership in *Motley v. Metro Man I* in which Mr. Paree was lead counsel for post-judgment collections proceedings. See *Motley v. Metro Man I*, 702 F. Supp. 3d 596 (E.D. Mich. 2023). The requested rate for Mr. Paree is $350 per hour.

---

[7] Exhibit D – Declaration of Yvonne E. Tirakian

10.   The "Undesirability" of the Case

In *Johnson*, the court stated:

Civil rights attorneys face hardships in their communities because of their desire to help the civil rights litigant. Oftentimes his decision to help eradicate discrimination is not pleasantly received by the community or his contemporaries. This can have an economic impact on his practice which can be considered by the Court.

*Johnson*, 488 F.2d at 719. Here, Miller Cohen P.L.C. predominantly takes cases under Civil Rights statutes (i.e. FMLA, Title VII, ADEA, 42 U.S.C. § 1983, etc.) While Miller Cohen, P.L.C. does not regularly represent employees in fraud cases, the instant case is a perfect example of their commitment to advocating for working people who have been taken advantage of or exploited for their labor. Compounding the challenges associated with civil rights work as described in *Johnson* with the technical difficulty associated with fraud and class action cases, there are few attorneys who are willing to assume the risks that Plaintiffs' attorneys did in this case.

11.   The Nature and Length of the Professional Relationship with the Client

Plaintiffs' attorneys have been involved with this case since its inception over five years ago, and they intend to continue their attorney-client relationship throughout the post judgment collections process. In short, Plaintiffs' attorneys have worked and will continue to work tirelessly on behalf of the entire class.

15

12.     Awards in Similar Cases

"The reasonableness of a fee may also be considered in the light of awards made in similar litigation within and without the court's circuit." *Id.* There is a lack of comparable litigation within this circuit in recent years.

## III.   AMOUNT OF ATTORNEYS' FEES

The itemization of the $471,000.00 in attorneys' fees is attached hereto. (**Exhibit A – Itemization of Attorneys' Fees**). The fees are summarized in the following table:

| Attorney | Number of Hours | Rate | Total |
|---|---|---|---|
| Bruce Miller | 109.5 | $600 | $65,700 |
| Keith Flynn | 794.6 | $475 | $377,435 |
| Yvonne Tirakian | 90.9 | $300 | $27,270 |
| Ryan Paree | 1.7 | $350 | $595 |
| Total | 996.7 | - | $471,000 |

As for post-judgment interest, 28 U.S.C. § 1961(a) provides, "Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. [sic] the date of the judgment." The rate on May 23, 2025, was 4.15%. Plaintiff therefore requests post-judgment interest pursuant to 28 U.S.C. § 1961(a) at a rate of 4.15%.

WHEREFORE, for the foregoing authority, Plaintiffs respectfully request that this Court:

A.    Award Plaintiffs $471,000 in Attorneys' Fees, and

B.    Award Plaintiffs $27,631.00 in Costs, and

C.    Award post-judgment interest at a rate of 4.15% per day until paid in full, and

D.    Award all other relief deemed equitable and just.

Respectfully submitted,

**MILLER COHEN P.L.C.**

By: *_/s/Yvonne E. Tirakian_*
Bruce A. Miller (P17746)
Keith D. Flynn (P74192)
Yvonne E. Tirakian (P86598)
Attorneys for Plaintiffs
7700 Second Ave., Suite 335
Detroit, MI 48202
(313) 964-4454
brucemiller@milercohen.com
kflynn@millercohen.com
ytirakian@millercohen.com

Dated:  May 28, 2025

*I, Yvonne Tirakian, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).*

**CERTIFICATE OF SERVICE**

17

I hereby certify that on May 28, 2025, the foregoing document was electronically filed by the undersigned's authorized representative, using the ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

**MILLER COHEN P.L.C.**

By: */s/Yvonne E. Tirakian*
Bruce A. Miller (P17746)
Keith D. Flynn (P74192)
Yvonne E. Tirakian (P86598)
Attorneys for Plaintiffs
7700 Second Ave., Suite 335
Detroit, MI 48202
(313) 964-4454
brucemiller@milercohen.com
kflynn@millercohen.com
ytirakian@millercohen.com

Dated: May 28, 2025

18